Henderson, Judge.
 

 The Defendant is doubly estop-ped from showing title in
 
 John B. Amis,
 
 first by the deed of
 
 Jesse Webb
 
 to the lessor of the Plaintiff. The widow is estopped by her husband’s deed, for she is tenant to the heir who is estopped, and the tenant is always bound by au estoppel on bis landlord, when his title is derived after it arises. She is also estopped by matter in
 
 pais;
 
 her husband, after his conveyance to the lessor of the Plaintiff occupied the lands as tenant at will or sufferance under the lessor, he could not therefore, dispute his landlord’s title. Upon his death, the widow .succeeded to the jiossession, accompanied by the estoppel, as she could not succeed to her husband’s possessions stripped of its incidents; one of which was that lie could not dispute his lessor’s title. The Defendant, upon his marriage with the widow, succeeded to her possession in the same manner in which site held. The Judge was therefore correct in disregarding the facts showing title in
 
 John
 
 
 *210
 

 J}. Amis;
 
 and although it is said that a Jury is not topped but may find the truth, that is only in such cases where the party has waived the estoppel, as when having an opportunity to plead and rely on it, lie omits to do so, but relies on the real fact,
 
 (Trevivan v. Lawrence,
 
 1
 
 Salk.
 
 276.) In this case, from the nature of the action, he could not plead it, he shall therefore have the same advantage on the evidence, as if he had pleaded and relied «n it; If is not intended to impugn the rule, that in an ejectment the lessor of the Plaintiff recovers by the strength of his own title, and not by the weakness of his adversary’s. In this case, the evidence which shows hie title to- he weak, to-wit, that the title is in
 
 John D. Amis,
 
 is excluded by the estoppel, and if offered and found by the Jury; must be disregarded, for the est‘Jipéis (the admissions of the parties) appear also.
 

 Per' curiam. Judgment affirmed.